```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
                     NORTHERN DIVISION at ASHLAND
```

CASPER MAYNARD,                    )
                                   )
     Plaintiff,                    )    Civil Action No. 07-15-JMH
                                   )
                                   )
v.                                 )
                                   )
                                   )    **MEMORANDUM OPINION AND ORDER**
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF SOCIAL             )
SECURITY,                          )
                                   )
     Defendant.                    )


                    **    **    **    **    **

This action seeks judicial review of a final decision of the Commissioner of Social Security denying Casper Maynard's application for Disability Insurance Benefits. Jurisdiction exists pursuant to 42 U.S.C. § 405(g). This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 9, 10].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

Maynard is 34 years old and completed the tenth grade. His past work experience was intermittent, occasionally detailing cars or mowing grass for a relative during the 1990s and a summer job cleaning a school from 1989-1991. The record includes information dating back to his time in elementary and middle school, documenting intelligence testing conducted prior to age twenty-two, documentation of testing by agency consulting psychologists during the pendency of his application for disability benefits, and a variety of other medical records.

He alleges he became disabled on April 1, 2004 due to depression, anxiety, and learning problems. After a hearing, an Administrative Law Judge ("ALJ") entered a decision [Tr. 16-23] in which the ALJ determined that, while Maynard had not performed any past relevant work, considering Maynard's age, education, limited work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. The ALJ concluded that Maynard was not disabled. That determination became the final decision of the Commissioner when the Appeals Council declined review [Tr. 5-8].

For our purposes, disability is defined as the inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), (d)(2)(A); 20 C.F.R. § 404.1505; *see also* 20 C.F.R.

§ 404.1509. To be found disabled, Maynard's impairments must also, considering his age, education, and work experience, render him unable to engage in any kind of work that exists in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3)(B); *Bogle v. Sullivan,* 998 F.2d 342, 347 (6th Cir. 1993).

To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520; *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir.1990) (citing 20 C.F.R. § 404.1520). Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing any past relevant work, but at step five of the inquiry, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5(1987).

In order to affirm the Commissioner's determination, the decision must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Walters v. Commissioner,* 127 F.3d 525, 528 (6th Cir. 1997). "'Substantial evidence' is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Stanley v. Secretary of Health & Human Servs.,* 39 F.3d 115, 117 (6th Cir. 1994) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971)). Furthermore, the court must

defer to an agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff avers that the ALJ erred by failing to properly evaluate whether Petitioner met the Listed Impairment at 12.05C based on certain qualifying IQ test scores and was, therefore, disabled. Specifically, in his Motion for Summary Judgment and Memorandum in Support [Record No. 9-1 and 9-2], the Plaintiff argues that the ALJ's decision was unsupported by substantial evidence in the record since IQ testing conducted during his elementary and middle school career fell within the range contemplated by listing 12.05(C), even though the results of IQ testing conducted during the pendency of his application were considered to be of questionable reliability.

In evaluating the nature of Maynard's impairment, the ALJ reviewed Maynard's test scores and the diagnoses made by medical professionals and contained in the evidence of record. By the ALJ's own account:

> [he] examined the claimant's mood disorder (NOS) and borderline intellectual functioning under listings 12.04 and 12.05. Given the claimant's functional limitations as noted in the 'B' criteria discussed immediately above, as well as the modest symptoms of depression exhibited by the claimant in the medical record, the undersigned finds that the claimant does not meet or equal any listing in 12.00. Nor does the claimant meet or equal any other listed impairment. Finally, the claimant does not equal in combination a listed impairment,

>       even when taking into consideration those
>       impairments deemed not severe.

[Tr. at 20.]

The record of this matter includes, among other items, the results of an agency psychological consultative examination conducted in September 2004, in which the plaintiff was diagnosed with borderline intellectual functioning (citing a verbal IQ of 70, performance IQ of 73, and a full scale IQ of 69), and a January 2006 agency psychological consultative evaluation, which also ruled out mild mental retardation. The Court is not persuaded that the ALJ erred in considering these scores to the extent that he did so. Certainly, the scores in question are similar to those obtained during Maynard's school-age testing and based upon which Maynard now urges the Court to overturn the decision of the ALJ.

More importantly, even if the earlier scores were to be considered on their own, there is other substantial evidence to support the ALJ's finding that Petitioner did not meet the 12.05C listing for mental retardation. The regulations clearly spell out that a claimant will meet the listing for mental retardation only "[i]f [the claimant's] impairment satisfies the diagnostic description in the introductory paragraph *and* any one of the four sets of criteria...." 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(A). As recognized in the regulations currently in force, an analysis equally applicable to the regulations in force at the time of Plaintiff's assessment:

> The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing.

20 C.F.R. § 404, Subpt. P, App. 1, 12.00(A) (2007); *see also* 20 C.F.R. § 404, Subpt. P, App. 1, 12.00(a) (2006) ("Specific signs and symptoms under any of the listings 12.02 through 12.09 cannot be considered in isolation from the description of the mental disorder contained at the beginning of each listing category. Impairments should be analyzed or reviewed under the mental category(ies) which is supported by the individual's clinical findings."); *see also Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (a claimant will meet the listing for mental retardation only if the claimant's impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria).

To satisfy the criteria of listing 12.05C, Petitioner must have demonstrated that his condition met or equaled the following criteria:

> *Mental retardation*: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

> ...
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. § 404, subpt. P, App. 1, Listing(s) § 12.05C.

In addition to the host of IQ scores for Plaintiff Maynard falling within the range spelled out in 12.05(C), including at least one obtained prior to age 22 and others contemporaneous with the ALJ's decision, the record includes substantial evidence to support the ALJ's findings: Maynard's own account of his abilities and medical records evaluating his condition, including two substantial agency evaluations and the notes of Maynard's treating physician. The evidence shows that there is, if anything, a consensus that the claimant suffered from severe mood disorder and borderline intellectual functioning but not from mental retardation. [Tr. at 142, 166-98, 210-11.]

In considering whether listing 12.05(C), "Mental Retardation," applied to Maynard, the ALJ could not have rested his decision solely on the range of Maynard's IQ test scores as urged by Plaintiff. Rather, the ALJ was obligated to consider whether the evidence supported a finding of "significantly subaverage general intellectual functioning with deficits in adaptive functioning."

Without a doubt, substantial evidence of record supports the ALJ's conclusion that Maynard suffers from severe mood disorder and has borderline intellectual functioning but is not mentally retarded as listing 12.05(C) requires.

Having considered the evidence of record, the undersigned concludes that the ALJ (and ultimately the Commissioner) did not err in evaluating Plaintiff's intellectual functioning. It is further concluded that the Commissioner's final decision is supported by substantial evidence.

Accordingly, **IT IS ORDERED**:

(1) That the Commissioner's motion for summary judgment [Record No. 10] be, and the same hereby is, **GRANTED**;

(2) That the plaintiff's motion for summary judgment [Record No. 9] be, and the same hereby is, **DENIED**; and

(3) That the Commissioner's final decision be, and the same hereby is, **AFFIRMED**.

This the 8th day of January, 2008.



Signed By:
*Joseph M. Hood*
**Senior U.S. District Judge**